IN THE DISTRICT COURT OF COMANCHE COUNTY

STATE OF OKLAHOMA

| | |
|---|---|
| KATHERINE D. BAUER,<br><br>　Plaintiff,<br><br>v.<br><br>VAN RUE CREDIT CORPORATION, STATE OF OKLAHOMA, ex.rel. Oklahoma State Board of Regents for High Education.<br><br>　Defendants. | CASE NO. CJ-05-39<br><br>Mark R. Smith |

PETITION

Katherine Bauer ("Bauer") brings this action against defendants, VAN RUE CREDIT CORPORATION ("Van Rue") and the STATE OF OKLAHOMA, ex. rel. Oklahoma State Board of Regents for Higher Education. ("Regents"). In bringing this action, Ms. Bauer states the following:

1.　She is an adult of legal age and capacity.

2.　Van Rue is an Illinois corporation, with an office in Arizona, who engages in debt collection activity. Van Rue made a phone calls to Ms. Bauer, who lives in Lawton, Oklahoma, Comanche County, Oklahoma.

3.　The Regents is an Oklahoma State agency which operates and oversees the Oklahoma Guaranteed Student Loan Authority.

1

## STATEMENT OF FACTS

4. Bauer is a 63 year old retiree who has lived in Lawton, Oklahoma, since 2001.

5. In February, 2004, Ms. Bauer received a letter from the Regents addressed to one Katherine A. Bauer of 1306 N. Walnut Ave, Apt.#1-F, Lawton, Oklahoma. Plaintiff Bauer is Katherine D. Bauer and has NEVER lived at the N. Walnut address.

6. The February letter further stated that the account would be sent to Van Rue Credit Collection of 6141 N. Cicero Avenue, in Chicago, Illinois. Plaintiff Bauer contacted the Regents to tell them that they had sent the notice to the wrong person.

7. Soon after, Plaintiff Bauer began to receive a series of harassing collection calls from one collector known to her as "Jeff" and another known to her as "Mark Clark." She told them that she was not the account holder, and that they were calling the wrong person. Nevertheless, the collection calls and harassment continued. One of the collectors told her that 'he would be her wake up call until the account is paid."

8. Bauer received collection calls from Van Rue at least between February 22, 2004, and April 4, 2004.

9. The February, 2004, notice sent to Plaintiff Bauer by the Regents stated, among other things, that if she disputed the demand, she could request an administrative hearing. A notice dated March 24, 2004, was sent to the Regents by Bauer's counsel disputing the account claim and requesting an administrative hearing. No administrative hearing was ever scheduled.

10. In May, 2004, the Regents generated yet another account collection letter to Plaintiff Bauer. Again, this letter was addressed to Katherine A. Bauer and sent to Plaintiff Katherine D. Bauer. Bauer received further collection calls.

11. The Regents sent or allowed the account to be sent again to Zwicker & Associates of Andover, Massachusetts. Zwicker, after investigating the matter, ceased the collection.

## FIRST CAUSE OF ACTION

12. Plaintiff Katherine Bauer incorporates the other paragraphs of this petition by reference.

13. Van Rue violated 15 USC 1692d by communicating with Bauer collector in ways the natural consequence of was is to harass, oppress, or abuse Bauer. These included repeated telephone calls and harassing behavior over the phone including, but not limited to, telling Bauer that Van Rue was going to be her wake up call until the account was paid.

14. Further Van Rue violated 15 USC 1692g by failing to provide Bauer with written notice of the debt and affording her the opportunity to request validation or dispute the debt or inform Bauer of her rights to have Van Rue cease collection efforts.

15. As a result of the harassment and abuse by Van Rue, Plaintiff Bauer suffered physical and emotional damages.

WHEREFORE, Plaintiff Katherine D. Bauer seeks actual damages in excess of $10,000 pursuant to 15 USC 1692k(a)(1); statutory damages in the amount of $1,000; attorney's fees, costs, interest and any other relief the Court deems fit.

## SECOND CAUSE OF ACTION

16. Plaintiff Katherine Bauer incorporates the other paragraphs of this petition.

17. Bauer asserts that the State, through the Oklahoma Student Loan Authority Guaranteed Loan Program acts like a private business in managing and collecting student loan accounts, and thus, does not have immunity under 51 OS §153.

18. Because the Oklahoma Student Loan Authority Guaranteed Loan Program was acting like a private business, it has a duty to the public to be accurate and professional in

managing student loan collection accounts. The Oklahoma Student Loan Authority Guaranteed Loan Program breached this duty, and thus was negligent in managing its accounts. Such negligent acts include, but are not limited to:

- a. Identifying the wrong person as the obligor on the student loan account and did not have the proper procedures in place to listen and investigate when Ms. Bauer called in to report the mistake.

- b. Failing to provide Ms. Bauer with the Administrative Due Process Hearing following a request for one, which the OSLA's own notice letter said she was entitled to a hearing.

- c. Generating a second default and collection notice to Plaintiff Bauer dated May 1, 2004, after notice and a request for an administrative hearing.

- d. Continuing the collection after telephone notice from Bauer and written notice on behalf of Bauer.

19. As a result of the State's negligence, Ms. Bauer has suffered actual damages.

WHEREFORE, Plaintiff Katharine Bauer seeks judgment against the State in the amount of $125,000.

*/s/ Louis M. Green*

LOUIS M. GREEN, OBA 12,682
3555 N.W. 58th, Suite 510
Oklahoma City, Oklahoma 73112
(405) 942-8292 (Office)
(405) 942-8362 (Fax)
Attorney for Plaintiff

ATTORNEY LIEN CLAIMED